UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES PATRICK DINGLE,

           Plaintiff,

-vs-                                  Case No. 5:10-cv-53-Oc-10GRJ

CITY OF COLEMAN, a Florida municipal corporation, FRANK MOORE, in his individual capacity, WARREN ALEXANDER, in his individual capacity, LONNIE G. EVANS, in his individual capacity, BILLIE MARIE WINKLIES, in her individual capacity, CLEVELAND WILLIAMS, in his individual capacity, VIRGIE M. EVERITT, in her individual capacity, and MARY A. BIGHAM, in her individual capacity,

           Defendants.
_____/

**O R D E R**

The Plaintiff, a former police officer for the City of Coleman, has filed a five (5) count Complaint under 42 U.S.C. § 1983 against the City, the former Chief of Police, the former Mayor of the City of Coleman, and five city council members (Doc. 1). The Plaintiff alleges that the Defendants unlawfully suspended and ultimately terminated his employment in retaliation for his participation in a Florida Department of Law Enforcement ("FDLE") investigation into the activities of the former Chief of Police. The Plaintiff further alleges that he was denied due process – specifically prior notice and an opportunity to be heard – before his suspension and termination, and that the

Defendants' actions violated the Plaintiff's equal protection and due process rights, as well as numerous provisions of the Florida Policemen's Bill of Rights, Fla. Stat. §§112.531-112.532.[1]

The Defendants have moved to dismiss all claims against them on the grounds that the Plaintiff has failed to state claims for relief, and that the individual Defendants are entitled to qualified immunity (Doc. 3). The Plaintiff has filed a response in opposition (Doc. 7).

For the reasons discussed below, the Court finds that the Defendants' motion is due to be granted in part and denied in part.

**Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Furthermore, the Court

---

[1] Although the Plaintiff relies heavily throughout his Complaint and response in opposition on the Policeman's Bill of Rights, he has not asserted any causes of action under Florida law, and the Court will not read any such claims into this case.

-2-

must limit its consideration to the complaint and written instruments attached as exhibits.  Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).  "A pleading that offers 'labels and conclusions' or "a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

## Discussion

I.   Count I - Equal Protection Claim

The Defendants argue that Count I, entitled "1983 Violation - Equal Protection" fails to state a claim upon which relief may be granted because the Plaintiff has failed to identify the protected class to which he belongs.  Instead, the Defendants argue that the Plaintiff is attempting to assert a "class of one" equal protection claim, which is not cognizable in the context of public employment.

The Court agrees with the Defendants. The Supreme Court made clear in Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591 (2008) that the "class-of-one theory of equal protection has no application in the public employment context." 553 U.S. at 607. See also Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273-74 (11th Cir. 2008). In Count I, the Plaintiff has not alleged membership in any specific protected class or specified any similarly situated comparators – rather he merely alleges that he was irrationally and selectively discriminated and retaliated against (Doc. 1, ¶ 67). The Plaintiff also has not made any argument in his opposition that he was discriminated against due to membership in any protected class.

Accordingly, the Court finds that the Plaintiff has not asserted a claim for equal protection under § 1983, and that any amendment to assert such a claim would be futile pursuant to Engquist. Count I shall therefore be dismissed with prejudice.[2]

II.    Count II- Substantive Due Process Claim

The Defendants also seek dismissal of the Plaintiff's substantive due process claim, arguing that the right to continued employment is not a protected property interest or liberty interest. The Plaintiff, in response, asserts that he has a state created

---

[2]The cases cited by the Plaintiff are unavailing. The three decisions the Plaintiff relies upon most heavily do not involve a current or former public employee asserting a claim of equal protection. See Snowden v. Hughes, 321 U.S. 1 (1944) (private citizen running for public office sued when he was excluded from the Republican primary ticket); Ortega Cabrera v. Municipality of Bayamon, 562 F.2d 91 (1st Cir. 1977) (private landowners sued municipality and its officers); McGuire v. Sadler, 337 F.2d 902 (5th Cir. 1964) (private citizen landowners sued Land Commissioner of Texas and others). The two decisions cite by the Plaintiff which involve a public employee predate and are trumped by Engquist. See Schultea v. City of Patton Village, 2006 WL 3063457 (S.D. Tex. Oct. 27, 2006); and Toomer v. Garrett, 574 S.E. 2d 76 (N. C. App. 2002).

property and liberty interest in his continued employment, as well as state created rights under Florida's Policemen's Bill of Rights, and that the Fourteenth Amendment's substantive due process component protects such state interests and rights.[3]

"The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (*en banc*) (quoting Palko v. Connecticut, 302 U.S. 319 325 (1937)). Substantive due process rights are created by the Constitution, not state law. Id. Because the Plaintiff's alleged property interests are solely creations of state law, his claim for substantive due process is squarely foreclosed by the law of this Circuit:

> Today, however, we hold that, in non-legislative cases, only procedural due process claims are available to pretextually terminated employees. Thus, we conclude that our prior decisions, which granted pretextually terminated employees section 1983 causes of action premised on substantive due process violations, are contrary to Supreme Court jurisprudence; to the extent they are contrary to the holding of this opinion, they are overruled.

McKinney, 20 F.3d at 1560. See also Hinson v. Clinch County, Georgia Bd. of Educ., 231 F.3d 821, 832 (11th Cir. 2000) (citing McKinney and noting that there is no viable § 1983 substantive due process claim for mere arbitrary deprivation of state law employment rights); Bussinger v. City of New Smyrna Beach, Fla., 50 F.3d 922, 925

---

[3]To the extent the Plaintiff is arguing in his response that he has a substantive due process claim for the alleged violation of his First Amendment right to free speech, that claim will be subsumed by his First Amendment retaliation claim, which the Plaintiff will be given leave to properly assert. See Graham v. Connor, 490 U.S. 386, 395 (1989).

(11th Cir. 1995) (same); Hunt v. City of Mulberry, 173 F. Supp. 2d 1288, 1293-94 (M.D. Fla. 2001) (same); City of Lauderhill v. Rhames, 864 So. 2d 432, 440-41 (Fla. 4th DCA 2003) (police officers' loss of position during department reorganization did not implicate a fundamental right and therefore did not violate substantive due process).[4]

Accordingly, Count II of the Complaint will be dismissed for failure to state a claim.

III.    Count III - Procedural Due Process

The Plaintiff's procedural due process claim is premised on the allegation that he was not given a meaningful opportunity to be fairly heard prior to his suspension and termination, in violation of both the Fourteenth Amendment and Fla. Stat. § 112.532 (Doc. 1, ¶ 74). The Defendants seek dismissal of this claim both because the Plaintiff has not alleged a protected property or liberty interest, and because adequate procedures for review have always been available to the Plaintiff.

A § 1983 claim alleging the denial of procedural due process requires proof of three elements: "(1) a deprivation of a constitutionally-protected liberty interest; (2) state action; and (3) constitutionally-inadequate process." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006). Unless state law provides a plaintiff with a legitimate expectation of continued employment which rises to the level of a property right, he has

---

[4] The decisions cited by the Plaintiff in support of his substantive due process claim are not persuasive as they are from other circuits, and all predate McKinney. See Doc. 7, p. 14, n. 41.

no procedural due process claim under the United States Constitution. Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F.3d 1146, 1148 (11th Cir. 1994) (*en banc*). A public employee has a property interest in employment if "existing rules or understandings that stem from an independent source such as state law create a legitimate claim of entitlement." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577-78 (1972). See also Ross v. Clayton County, Ga., 173 F.3d 1305, 1307 (11th Cir. 1999). This determination requires examination of relevant state law. Bishop v. Wood, 426 U.S. 341, 344-45 (1976). Generally, a public employee has a property interest in continued employment if state law or local ordinance in any way "limits the power of the appointing body to dismiss an employee." Barnett v. Housing Auth. of City of Atlanta, 707 F.2d 1571, 1577 (11th Cir.1983), overruled on other grounds by McKinney, 20 F.3d at 1558.

In contrast to his substantive due process claim, the Plaintiff has sufficiently alleged a state property interest sufficient for a procedural due process claim. Although the Plaintiff does not explain this fully in his Complaint, he does state in his response in opposition that Fla. Stat. § 112.532 arguably creates a protectable property interest in his employment. This statute sets forth a detailed series of procedures for investigating and/or disciplining law enforcement and corrections officers, up to and including termination. In other words, Fla. Stat. § 112.532 "limits the power of the appointing body to dismiss an employee." Accordingly, the Court finds that, at least at this stage in the litigation, the Plaintiff has established a property interest in his

employment, for purposes of a procedural due process claim. See also Emerson v. Bailey, 2009 WL 1930188 at * 7-8 (M.D. Fla. June 30, 2009); Bailey v. Town of Lady Lake, Fla., 2007 WL 677995 at * 6-7 (M.D. Fla. Mar. 5, 2007); Park v. City of W. Melbourne, 927 So. 2d 5, 8 (Fla. 5th DCA 2006); Grice v. City of Kissimmee, 697 So. 2d 186, 190 (Fla. 5th DCA 1997) (all noting that the Policemen's Bill of Rights has been construed as conferring a property interest for procedural due process purposes in continuing employment for permanent non-probationary officers).

While the Plaintiff has sufficiently alleged a property interest, he must also allege that insufficient process was provided. For, it is "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." McKinney, 20 F.3d at 1557. In other words, "procedural due process violations do not even exist unless no adequate state remedies are available." Cotton v. Jackson, 216 F.3d 13218, 1331, n. 2 (11th Cir. 2000). "[T]he state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts before being subjected to a claim alleging a procedural due process violation." Id. at 1331. Accordingly, if adequate state remedies were available, but a plaintiff did not avail himself of them, that plaintiff "cannot rely on that failure to claim that the state deprived him of procedural due process." Id.

To support the element of constitutionally-inadequate process, a plaintiff must therefore allege that the state failed or refused to make available a means to remedy

the deprivation or that those remedies were inadequate. See Price v. City of Ormond Beach, Fla., 2006 WL 1382096 at *5 (M.D. Fla. May 19, 2006). The Plaintiff has not made any such allegations in his Complaint. Instead, he simply alleges that he was denied a meaningful opportunity to be heard prior to his suspension and termination. He makes no mention of any available state remedies for the procedural deprivations he claims to have suffered, or that such remedies are inadequate.

The Florida Policemen's Bill of Rights itself provides a remedial process by which the Plaintiff could seek relief against any violations of his due process rights. See Fla. Sta. §§ 112.532, 112.534. Florida also recognizes a private cause of action for pecuniary damages and injunctive relief for violations of the Policemen's Bill of Rights. See Fla. Stat. §112.532(3); Bailey v. Bd. of County Comm'rs, 659 So.2d 295, 300-01 (Fla. 1st DCA 1994). Moreover, Florida law provides, through certiorari review by Florida courts, an adequate means for review of a public employee's termination of employment. McKinney, 20 F.3d at 1563-64. Thus, a state remedy was available for the Plaintiff's claimed procedural deprivations. See Horton v. Bd. of County Comm'rs of Flagler County, 202 F.3d 1297, 1300 (11th Cir.2000).

The Plaintiff argues, without any legal authority in support, that the state court remedies available will not fully compensate him because he seeks a declaration that his constitutional rights were violated, as well as injunctive relief. However, the Policemen's Bill of Rights clearly provides for injunctive relief, and the Court is unaware of any reason why a state court could not address the Plaintiff's constitutional claims,

or award any other relief requested by the Plaintiff. See McKinney, 20 F.3d at 1565 ("Since the Florida courts possess the power to remedy any deficiency in the process by which McKinney was terminated, McKinney cannot claim that he was deprived of procedural due process."). Moreover, to be considered "adequate," the state procedures do not have to provide all of the relief available to the plaintiff under § 1983. Rather, "the state procedure must be able to correct whatever deficiencies exist and to provide plaintiff with whatever process is due." Cotton, 216 F.3d at 1331.[5]

The inability of the Plaintiff to allege that the State of Florida has refused to make available a means through which to remedy his alleged deprivation is fatal to his procedural due process claim. Count III will therefore be dismissed with prejudice.

## IV.    Count IV - Wrongful Discharge and Suspension

The Defendants next contend that Count IV, which is entitled "1983 Violation - Wrongful Discharge & Suspension" should be dismissed because no such claim exists under § 1983 or the federal constitution. Count IV incorporates all 65 paragraphs of the Complaint's factual allegations, and states that the Plaintiff was dismissed and suspended in retaliation for his "exercise of statutorily constitutionally protected rights." (Doc. 1, ¶¶ 76-77). Count IV further alleges that the Plaintiff's dismissal "offends the public policy of the State of Florida and Florida law, including Florida Statute 112.532,"

---

[5]The Court is unpersuaded by the Plaintiff's unsupported statement in his response that his case would be "prejudiced due to the politics of a small town." (Doc. 7, p. 18).

and that his dismissal was in retaliation for the Plaintiff's participation in the FDLE investigation of Chief Frank Moore. (Id., ¶¶ 77-78).

To the extent Count IV alleges a violation of the Plaintiff's constitutionally protected rights, the Defendants argue that Count IV is duplicative of Counts I-III, which allege violations of the Plaintiff's equal protection, procedural due process, and substantive due process rights. To the extent Count IV purports to assert any other constitutional violations, the Defendants argue that such constitutional rights are nowhere identified or alleged in the Complaint, or in Count IV. Finally, the Defendants argue that to the extent Count IV is based on a violation of Florida constitutional or statutory rights, such a claim cannot be brought under § 1983.

In response, the Plaintiff argues that Count IV is actually a claim for violation of the Plaintiff's First Amendment rights stemming from his retaliatory dismissal based on his participation in the FDLE investigation (Doc. 7, p. 3). Citing Morgan v. Ford, 6 F.3d 750 (11th Cir. 1993), the Plaintiff contends that a cause of action may lie under § 1983 based on a wrongful termination in retaliation for protected speech.

While the Plaintiff is correct in his interpretation of the law, his Complaint does not allege such a claim. To state a *prima facie* case of First Amendment retaliation, a plaintiff must show that: (1) he spoke "as a citizen" on speech that can fairly be categorized as a matter of public concern; and (2) his First Amendment interests as a citizen outweigh the interests of the State as an employer in promoting efficient public services. Pickering v. Board of Educ., 391 U.S. 563, 568 (1968); D'Angelo v. School

Bd. of Polk County, Fla., 497 F.3d 1203, 1209 (11th Cir 2007); Cook v. Gwinnett County School Dist., 414 F.3d 1313, 1318 (11th Cir. 2005). If the plaintiff prevails on these two elements, he must then establish that the employee's speech played a substantial motivating factor in the government's decision to discharge the plaintiff. Mt. Healthy City School Dist. Board of Educ. v. Doyle, 429 U.S. 274 (1977). Nowhere does the Plaintiff mention the First Amendment, state that he engaged in protected speech on a matter of public concern, or otherwise assert any of the elements of a claim for First Amendment retaliation.

Count IV will be dismissed with leave to amend to properly assert such a claim.

V.   Count V - Misuse of Power

The Defendants next seek dismissal of Count V, which is entitled "1983 Violation - Misuse of Power," on the grounds that no such claim exists, and that the Plaintiff has failed to identify the constitutional rights he alleges have been violated. Citing to Home Tel. & Tel. Co. v. Los Angeles, 227 U.S. 278 (1913), the Plaintiff argues that a claim for misuse of power exists under § 1983 when such misuse occurs "under color of state law."

A "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of state law.'" Nat'l Collegiate Ath. Ass'n. v. Tarkanian, 488 U.S. 179, 191 (1988) (citations omitted). However, action taken "under color of state law" is only one-half of a § 1983 claim. As the Plaintiff admits, to state a § 1983 claim he must also allege

that he was deprived of a federal or constitutional right. See Gomez v. Toledo, 446 U.S. 635, 640 (U.S. 1980). Thus, merely alleging that an abuse of power took place is not enough to properly state a claim under § 1983. There must also be an accompanying wrongful action or constitutional violation. See also Home Tel. & Tel., 227 U.S. at 287 ("the theory of [the Fourteenth Amendment] is that where an officer or other representative of a State in the exercise of the authority with which he is clothed misuses the power possessed to do a wrong forbidden by the Amendment, . . . the Federal judicial power is competent to afford redress for the wrong by dealing with the officer and the result of his exertion of power.") (emphasis added).

Count V merely states "[t]hrough their arbitrary, capricious, and retaliatory practices, Defendants' conduct contravened a misuse of power taken under color of state and/or local law as guaranteed by the Fourteenth Amendment to the United States Constitution and the due course of law protections afforded by the Florida Constitution and Florida law including Florida Statute 112.532." (Doc. 1, ¶ 81). This is not sufficient to assert a claim under § 1983. Rather, it is clear that this claim is merely repetitious of the Plaintiff's other claims for violations of his equal protection, and substantive and procedural due process rights and is based on the identical factual allegations. Accordingly, the Court will dismiss Count V with prejudice.[6]

---

[6] Because the Court is granting the Plaintiff leave to amend his claim for First Amendment retaliation, and dismissing all other claims with prejudice, the Court need not address the Defendants' qualified immunity argument at this time.

**Conclusion**

Accordingly, upon due consideration, it is hereby ORDERED that the Defendants' Motion to Dismiss Complaint (Doc. 3) is GRANTED IN PART AND DENIED IN PART. The following claims from the Plaintiff's Complaint (Doc. 1) are DISMISSED WITH PREJUDICE: Counts I (Equal Protection), II (Substantive Due Process), III (Procedural Due Process), and V (Misuse of Power). Count IV (Wrongful Discharge & Suspension) is DISMISSED WITHOUT PREJUDICE. Within fourteen (14) days from the date of this Order, the Plaintiff may file an amended complaint properly asserting a claim for First Amendment Retaliation. The Plaintiff may not re-assert any other dismissed claims or assert any new legal theories or causes of action. Within fourteen (14) days from the date of the filing of the amended complaint, the Defendants shall file their answer or other responsive pleading.

Failure to file an amended complaint within this time period will result in dismissal of this case in its entirety without further notice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 28th day of October, 2010.

_[signature]_
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy